**The document below is hereby signed.  Dated: October 29, 2008.**



**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
                UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
MICHAEL BROWN,                 )   Case No. 07-00148
                               )   (Chapter 11)
          Debtor.              )   Not for Publication in
                               )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER REGARDING
DEBTOR'S PROPOSED AMENDED PLAN OF REORGANIZATION

At today's disclosure statement hearing, I discussed the impact of 11 U.S.C. § 1141(d)(5) on the debtor's discharge rights.  Two points deserve further comment.

I

A reopening fee would be necessary if the case were closed and the debtor then sought to reopen the case to obtain his discharge.  Item 11 of the Bankruptcy Court Miscellaneous Fee Schedule (found as an appendix to 28 U.S.C. § 1930) now expressly provides that the reopening fee "should be charged when a case is closed without a discharge being entered."

II

Section 1141(d)(5)(A) provides that "unless after notice and a hearing the court orders otherwise for cause, confirmation of

the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan." Here, if the debtor's plan is confirmed, unsecured claims would be paid shortly after the Effective Date. But the plan provides for monthly mortgage payments to continue on the debtor's various mortgage debts. Those payments might last for many years, and for the reasons explored below, I do not believe that the statutory provision was written with those types of payments to mortgagees in mind.

Section 1141(d)(5)(B) makes clear that the concern in delaying a discharge until plan payments are completed is that unsecured creditors might be adversely affected if their claims were discharged and replaced with a reduced claim under the plan that was not being paid in accordance with the terms of the plan, and they did not receive that which they would have received in a liquidation on the effective date of the plan. Presumably Congress intended that in those circumstances, the case should be dismissed or closed without the unsecured claims being discharged. No automatic stay would be in place upon dismissal or closing of the case, and without a discharge being in place, creditors would no longer be barred by any statutory injunction

from pursuing collection of their claims.[1] See 11 U.S.C. § 362(c)(2).

Significantly, section 1141(d)(5) roughly mirrors chapter 13 provisions delaying discharge until completion of payments to the chapter 13 trustee. The chapter 13 provisions, however, are never construed as delaying discharge until completion of payments that the debtor was to continue to make directly to mortgagees (payments "outside" of the plan), the significant difference being that in the case of a chapter 11 plan, all payments are under the plan. But, as in the case of regular monthly mortgage payments being paid outside the plan in a chapter 13 case, Congress likely did not intend for § 1141(d)(5) to delay entry of a chapter 11 debtor's discharge pending the debtor's completion of all remaining regular monthly mortgage payments that the debtor obligates herself to pay under a

---

[1] Implicitly, the terms of the plan would no longer be binding on creditors, and the property dealt with by the plan would not be free and clear of their claims: although the plan might provide for the creditors to receive payments less than the full amount of their original claims, without any injunction in place the original claims would be enforceable. Lamentably, the statute is not explicit on that point as it is in carving out nondischargeable debts from the effects of § 1141(a) and § 1141(c) (dealing with the binding effect of the plan and with the property dealt with by the plan being free and clear of all claims of creditors). This is likely a drafting mistake by Congress in its adding § 1141(d)(5) to the Code in 2005. A similar drafting error appears to have occurred in adding § 1141(d)(6) to the Bankruptcy Code in 2005 to make certain debts of a corporation nondischargeable: it too is not mentioned in either § 1141(a) or § 1141(c).

confirmed chapter 11 plan. This suggests that cause exists for ordering that the debtor may obtain a discharge notwithstanding not having completed all future regular monthly mortgage payments.

The statute provides that "unless after notice and a hearing the court orders otherwise for cause, confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan." 11 U.S.C. § 1141(d)(5). The statute does not expressly address whether such "notice and a hearing" can be accomplished by including a provision in the plan that would alter the usual statutory rule, and treating the order of confirmation as the "order otherwise." By providing that the confirmation of the plan does not alter the statutory rule, it is implicit that any attempt to alter the usual statutory rule ought to be accomplished via a procedural mechanism separate and apart from including a provision altering the usual statutory rule within the plan itself. Accordingly, if the debtor wishes to alter the usual statutory rule that would delay entry of a discharge until all payments under the plan have been completed, the debtor should file a motion seeking to alter the usual statutory rule, with notice to creditors of the opportunity to oppose the motion. Because the issue would be academic if no plan is confirmed, the debtor's notice should indicate that the motion will be heard at

the confirmation hearing.  To minimize postage expense, the separate notice of the motion may be served with the proposed plan and disclosure statement.

In accordance with the foregoing, it is

ORDERED that any request for an order to provide for a discharge prior to completing regular monthly mortgage payments under a confirmed plan shall be pursued by a separate motion set for hearing on the same date as the confirmation hearing, to be heard after the court has decided whether to confirm the debtor's plan.  Any granting of that motion should be included as part of the proposed order confirming the plan in order to minimize postage expense.

                                        [Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Office of United States Trustee.